**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4391**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KERNEY RAY THORNSBURY,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  Irene C. Berger, District Judge.  (1:09-cr-00148-1)

Submitted:  January 21, 2011      Decided:  February 11, 2011

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, John Lanier File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Kerney Ray Thornsbury pleaded guilty to possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court sentenced Thornsbury to thirty-three months' imprisonment.

Thornsbury's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal, but asking this court to review the reasonableness of Thornsbury's sentence.[*] For the reasons that follow, we affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and

---

[*] Although advised of his right to do so, Thornsbury has not filed a pro se supplemental brief.

2

sufficiently explained the selected sentence.  Id.  "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).  This court next assesses the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

On appeal, Thornsbury maintains that, given the particular facts of this case, a thirty-three-month term of imprisonment is greater than necessary to fulfill the purposes of sentencing and thus constitutes an abuse of discretion.  We disagree.  The district court considered defense counsel's arguments for a downward variance, but ultimately found them unavailing.  Based on our review of the record, we cannot say that decision is unreasonable.  See United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010) (explaining that this court will not reverse a sentence unless it is unreasonable, "even if the sentence would not have been the choice of the appellate court"), cert. granted, __ S. Ct. __, 2011 WL 48124 (U.S. Jan. 7, 2011) (No. 10-5258).

Having denied counsel's motion for a downward departure, the district court sentenced Thornsbury to thirty-three months in prison, a sentence at the high end of his properly calculated Guidelines range. In setting forth the reasons for this sentence, the district court relied on the relevant § 3553(a) sentencing factors that informed its decision and offered a detailed and individualized explanation for the sentence. See United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For these reasons, we hold that Thornsbury's sentence is procedurally reasonable. Further, we also afford Thornsbury's within-Guidelines sentence a presumption of substantive reasonableness. See United States v. Wright, 594 F.3d 259, 267 (4th Cir.), cert. denied, 131 S. Ct. 507 (2010); see also Rita v. United States, 551 U.S. 338, 347 (2007) (upholding rebuttable presumption of reasonableness for within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. The district court complied with the mandates of Federal Rule of Criminal Procedure 11 in accepting Thornsbury's guilty plea. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be

4

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED